IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOSEFINA MOUNTS a/k/a JOSEPHINE MOUNTS, | ) ) ) ) | |
| Plaintiff, | ) ) | 14 C 808 |
| v. | ) ) | Judge Virginia M. Kendall |
| METROPOLITAN LIFE INSURANCE COMPANY et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Josefina Mounts filed a complaint against Metropolitan Life Insurance Company ("MetLife") in the Circuit Court of Cook County, Illinois seeking $775,000 to be paid from a life insurance policy on her daughter, Beatrice Mounts. MetLife timely removed the case to federal court and filed an interpleader counterclaim and third party complaint. (Dkt. No. 10). In the interpleader action, MetLife added Josephine Mounts in her capacity as executor of Beatrice Mounts's estate (the "Estate") and Ismael Gomez, the decedent's husband, as interpleader defendants. The Estate, Josefina, and Gomez had all filed claims on the proceeds of Beatrice Mounts's life insurance policy. Both Gomez and Josefina filed motions to dismiss the interpleader action. (Dkt. Nos. 16, 23). The Court granted leave to Josefina to amend her complaint to add Gomez and the Estate as parties. (Dkt. No. 32). Josephine then filed a motion to remand because the addition of Gomez and the Estate destroyed the Court's diversity jurisdiction. (Dkt. No. 40). MetLife opposed the motion to remand and moved the Court to reconsider its order granting Josefina leave to amend her complaint without analyzing the effect of the amendment on the Court's jurisdiction. (Dkt. No. 47).

## BACKGROUND

Beatrice Mounts, the decedent, died with a valid life insurance policy issued by MetLIfe. (Dkt. No. 10 ¶ 8). The policy's benefits totaled $775,000. (*Id.* ¶ 10).

Beatrice submitted a beneficiary form in September 2012 designating Josefina, her mother, as the primary beneficiary and her sister Josephine, as the contingent beneficiary. (*Id.* ¶ 11; Dkt. No. 10-3). In October 2012, MetLife informed Beatrice that it could not process the beneficiary form because it was not legible (Dkt. No. 10 ¶ 12). MetLife sent her a new beneficiary form to complete, but she never submitted it. (*Id.* ¶¶ 12-13). As a result, MetLife determined that Beatrice did not have a valid beneficiary designation when she died on July 28, 2013. (*Id.* ¶¶ 9, 14). The life insurance policy provided that if no beneficiary had been designated when the insured died, MetLife would pay the proceeds to the insured's estate. (*Id.* ¶ 8). However, the policy also states that MetLife may pay all or part of the benefits to the insured's surviving spouse, child, parent, or sibling. (*Id.* ¶ 8).

Following Beatrice Mounts' death, several family members asserted their claims to the MetLife policy benefits. In August 2013, Josefina submitted a Claimant's Affidavit to MetLife. Unbeknownst to Josefina in September 2013, Gomez, the Decedent's husband, submitted a Claimant's Statement. Also unbeknownst to Josefina in October 2013, Josephine submitted a Claimant's Affidavit as executor of the Estate. (*Id.* ¶¶ 15-17; Dkt. Nos. 10-5, 10-6, 10-7). Josephine also sent MetLife a notice of intent to open a probate estate for the Decedent. (Dkt. No. 10-7).

Still unaware that others had filed claims on Beatrice's insurance policy, Josefina filed suit against MetLife in the Circuit Court of Cook County, Illinois on December 16, 2013 seeking a declaratory judgment that she was the proper beneficiary of the life insurance policy. (Dkt. No. 10 ¶ 19; Dkt. No. 1-1). On December 23, 2013, MetLife notified all of the claimants that their

2

claims were adverse to one another. MetLife was served with Josefina's complaint on January 6, 2014. (Dkt. No. 1 ¶ 2). In February 2014, MetLife timely removed the case to federal court based on diversity of citizenship. (Dkt. No. 1). MetLife then filed an interpleader counterclaim and third party complaint, naming Josefina, the Estate, and Gomez as interpleader defendants. (Dkt. No. 10). Both Gomez and Josefina filed motions to dismiss MetLife's interpleader action. (Dkt. Nos. 16, 23).

Josefina moved the court for leave to amend her complaint to add parties pursuant to Fed. R. Civ. P. 15 and 19, but did not inform the court of the citizenship of either of the parties she sought to add. (Dkt. No. 25). The Court granted the Plaintiff's motion without hearing and Josefina amended her complaint to add Gomez and the Estate as defendants. (Dkt. No. 32). Both the Estate and Gomez, like Josefina, are Illinois residents. The Estate then filed a motion to remand this action and requested the Court to grant either or both Gomez's or Josefina Mounts' motion to dismiss; grant the Plaintiff's motion to amend and add parties; and remand the case to State court under 28 U.S.C. § 1447(e). (Dkt. No. 27).

## **LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). To state a claim upon which relief can be granted, a compliant must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this

standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### A. Motions to Dismiss the Interpleader Action

Interpleader exists to resolve disputes in which multiple parties assert claims against a single stakeholder alleging that the stakeholder is liable to them for the same *res* that can be paid only once, the proceeds of a single insurance policy for example. Interpleader protects a party from "double liability or the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). Through interpleader, a disinterested stakeholder can bring all competing claimants into a single forum to resolve the dispute. Rule 22 allows a party to join as interpleader defendants any "persons with claims that may expose [the interpleader] plaintiff to double or multiple liability." The procedure is also available to a defendant by way of counterclaim. Fed. R. Civ. P. 22(a)(2). To justify the use of interpleader, the stakeholder must have a "real and reasonable fear of double liability or conflicting claims." *Aaron*, 550 F.3d at 663. Diversity jurisdiction exists over Rule 22 interpleader actions when the stakeholder is diverse from all of the claimants, but the claimants need not be diverse from one another. *See Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 704 (7th Cir. 2014); *see also Stewart Oil Co. v. Sohio Petroleum Co.*, 315 F.2d 759, 762 (7th Cir. 1963) ("Under Rule 22 interpleader, diversity of citizenship between an interested stakeholder plaintiff and all adverse claimants is all that is required.")).

MetLife has pled, and no claimant has disputed, that it has a real and reasonable fear of double liability or conflicting claims. Indeed, it has already received claims from three parties for the proceeds of Beatrice Mounts's life insurance policy. No party disputes that complete

diversity exists. MetLife is a Delaware corporation with its principal place of business in New York while each of the claimants is a resident of Illinois. The amount in controversy is $775,000. *See* 28 U.S.C. § 1332. Nevertheless, Gomez and Josefina moved to dismiss the interpleader counterclaim and third party complaint arguing that MetLife is not a neutral and disinterested stakeholder because its rejection of the beneficiary form caused the present dispute, it possesses information necessary to the resolution of the competing claims, and may be independently liable to the plaintiffs. (Dkt. Nos. 16, 23). Neither explains why MetLife might be exposed to liability independent of the policy; neither has filed a counterclaim against MetLife and the original complaint seeks only a declaratory judgment that Josefina is entitled to the proceeds of the policy. Even if counterclaims against MetLife did exist, however, the presence of counterclaims against an interpleader plaintiff do not render interpleader unavailable. *See e.g.*, *Metropolitan Life Ins. Co. v. Johnson*, No. 11 C 8210, 2012 WL 2192283 (N.D. Ill. June 13, 2012) (denying motion to dismiss counterclaim against interpleader plaintiff). To the extent that necessary information is in MetLife's possession, the competing claimants will have access to that information through discovery. The motions to dismiss MetLife's interpleader counterclaim and third party complaint are therefore denied.

B. **The Motion to Reconsider the Court's June 3, 2014 Minute Order**

MetLife asks the Court to reconsider its Minute Order granting Josefina's motion to amend her complaint to add Gomez and the Estate as parties (Dkt. No. 32) because their addition would destroy the Court's subject matter jurisdiction and the Court did not consider this consequence when granting Josefina's motion without hearing. Nothing in Josefina's motion to amend her complaint indicated the residency of either of the parties whom she sought to add. (Dkt. No. 25). "[W]hen a district court is unaware that joinder will destroy diversity, it may

5

reconsider its prior decision permitting leave to amend a complaint." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 (7th Cir. 2009). If a plaintiff seeks to join a party whose presence would destroy diversity jurisdiction, the Court may deny joinder and proceed without the party or permit joinder and remand the action. *See* 28 U.S.C. § 1447(e). To determine how to proceed, the Court must consider (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *See Schur*, 577 F.3d at 759. The Court made no such considerations before granting Josefina's motion to join parties. Thus, MetLife's motion to reconsider is granted and the Court presently reconsiders Josefina's motion to amend her complaint.

Josefina sought to amend her complaint in order to add Josephine, as executor of Beatrice's estate, and Gomez as defendants. Both the estate and Gomez are residents of Illinois. Thus, their joinder as defendants would destroy the Court's diversity jurisdiction. Therefore, the Court must analyze the motion under the 28 U.S.C. § 1447(e) factors described above. The first factor counsels in favor of joinder and remand. Josefina moved to join the parties out of genuine concern that parties with claims to the policies adverse to hers be present so as to adjudicate entitlement to the proceeds completely. Her purpose does not seem to be artful pleading to avoid diversity jurisdiction; if this had been her goal she could simply have added these parties to her original complaint in state court. However, the remaining factors all counsel in favor of denying the motion to amend.

The request to amend was untimely. MetLife had already filed its interpleader action, bringing both of the parties whom Josefina sought to join into the action. For the same reason, Josefina will not be significantly injured if the Court denies joinder. The interpleader action will

accomplish exactly what she sought to accomplish through joinder. This litigation will decide who is entitled to the proceeds of Beatrice's life insurance policy. Balancing the relevant factors under § 1447(e) the Court now denies Josefina's motion to amend her complaint.

### C. Josefina's Original Complaint

The question remains, however, whether to allow the original complaint to proceed without Gomez and the Estate as parties. Josefina properly invoked required joinder under Rule 19 because adjudicating the case in their absence would "impair or impede" their ability to protect their "interest relating to the subject of the action," namely the proceeds of Beatrice's life insurance policy. Fed. R. Civ. P. 19(a)(1)(B). Having denied the motion for leave to amend to add the Estate and Gomez, the Court must determine whether, "in equity and good conscience," to allow Josefina's original complaint to proceed without the presence of the Estate and Gomez or to dismiss the case. *See* Fed. R. Civ. P. 19(b). Rule 19(b) lists several factors for the Court to consider, the "most salient" of which are "to what extent a judgment rendered in the person's absence might be prejudicial to him and whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 361 (7th Cir. 2004) (quoting Fed. R. Civ. P. 19(b)) (internal quotation marks omitted). Here, both factors counsel decisively in favor of dismissal. A judgment for Josefina in the original action rendered without the Estate or Gomez present would be prejudicial to those parties because each claims an interest in the proceeds at issue. Second, an adequate remedy will exist following dismissal by virtue of the MetLife interpleader action. In fact, the interpleader action will accomplish exactly what Josefina sought to accomplish by adding the Estate and Gomez: the identity of the party entitled the proceeds of Beatrice's life insurance policy will be

7

clear when this litigation concludes. Thus, the Court finds, in equity and good conscience, that dismissal of the Josefina's original complaint is appropriate.

### D. The Motion to Remand

In light of the dismissal of the original complaint, the motion to remand is denied. Diversity jurisdiction over the Rule 22 interpleader action is proper because complete diversity exists between the stakeholder and all of the claimants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Arnold*, 752 F.3d at 704.

### CONCLUSION

For the reasons stated herein, Josefina and Gomez's motions to dismiss MetLife's interpleader counterclaim and third party complaint are denied. MetLife's motion to reconsider is granted. The Estate's motion to remand is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: November 4, 2014